## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Civil No. **16-1550 PJM** |
| | Crim No. **94-0441 PJM** |
| **DAMON JONES,** | |
| Petitioner-Defendant. | |

### MEMORANDUM OPINION

Damon Jones has filed a Motion to Vacate Judgment Under 28 U.S.C. § 2255 (ECF No.

72). No hearing is necessary. *See, e.g. United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004).

For the reasons that follow, the Court **DENIES** the Motion.

### I.     Background

In November 1994, Jones was charged with offenses arising from two armed robberies

committed in November 1992 and January 1994. *United States v. Jones*, No. 96-4471 (4th Cir. Dec.

23, 1996) (per curiam). During the first robbery, Jones and two co-defendants robbed a branch of

the Citizens Bank of Maryland, stealing approximately $40,000. *Id.* Then, on January 14, 1994,

Jones, his two co-defendants, and another friend robbed an armored car courier. *Id.*

Following a jury trial, Jones was convicted of one count of armed bank robbery, in violation

of 18 U.S.C. § 2113(d) (Count I); one count of interference with commerce by robbery, in violation

of 18 U.S.C. § 1951 (Count IV) and two counts of using a firearm during a crime of violence, in

violation of 18 U.S.C. § 924(c) (Counts III and V). The Court sentenced him to a mandatory

minimum term of 387 months to be followed by five years' supervised release. Jones appealed, and

the Fourth Circuit, in an unpublished decision, affirmed the judgment. *United States v. Jones*, No. 96-4471 (4th Cir. Dec. 23, 1996) (per curiam).

On May 19, 2016, through the Office of the Federal Public Defender, Jones filed a Motion to Vacate his conviction under 28 U.S.C. § 2255. ECF 72. He argued, *inter alia*, that the offense of conspiracy to commit Hobbs Act Robbery categorically fails to qualify as a "crime of violence." *Id.* The Motion was stayed for a considerable period pending decisions by the Fourth Circuit and U.S. Supreme Court in relevant cases.

Following the Supreme Court's subsequent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Federal Public Defender requested to withdraw as counsel in the § 2255 proceeding, which the Court granted. ECF Nos. 75, 76. Jones proceeds without counsel in accordance with Local Rule 101.2.a.[1] The Court now considers the Motion to Vacate Judgment.

## II.   Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). The prisoner bears the burden of proof and must establish the claim by a preponderance of the evidence. *United States v. Wilson*, Crim. No. TDC-95-0493-02, 2021 WL 5826376, at *2 (D. Md. Dec. 8, 2021) (citing *Miller v. United States*, 261 F.2d 546, 574 (4th Cir. 1958)).

---

[1] Jones remains represented in his pending Motion for Compassionate Release. ECF No. 77.

Under 28 U.S.C. § 2255(b), the Court must hold a hearing on the motion to vacate, "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings. No hearing is necessary and Jones is not entitled to relief.

### III.    Discussion

Under federal law, a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" in "furtherance of any such crime" is subject to conviction for the underlying crime of violence as well as for the firearm offense. *See* 18 U.S.C. § 924(c)(1)(A). A crime of violence is defined in 18 U.S.C. § 924(c)(3) as "an offense that is a felony" and:

> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Subsection (A) of 18 U.S.C. § 924(c)(3) is commonly referred to as the "force clause" or "elements clause," while subsection (B) is referred to as the "residual clause."

As noted, Jones filed his Motion in 2016, pursuant to the to the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act's definition for violent felony, at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.*

Jones also filed a supplement to his Motion, citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *See* ECF 212. In *Dimaya*, the Supreme Court applied *Johnson* to the residual clause of the crime of violence definition in 18 U.S.C. § 16(b) and held that the residual clause defining a "crime

of violence" under 18 U.S.C. § 16(b) is void for vagueness in violation of due process. *Dimaya*, 138 S. Ct. at 1210. Jones asked the Court to stay the case pending the outcome of the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019).

On June 24, 2019, the Supreme Court issued its decision in *Davis*, ruling that the "residual clause" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2334. Accordingly, for an offense to qualify as a crime of violence under § 924(c), it must meet the definition set forth in Subsection (A), the "force clause."

Jones's § 924(c) conviction in Count V was predicated on his Hobbs Act Robbery offense in Count III. The Hobbs Act provides:

> Whoever in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). "Robbery" is defined as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

On July 31, 2019, the Fourth Circuit ruled that Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) categorically qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *Stokes v. United States*, 140 S. Ct. 640 (2019). The court reasoned that Hobbs Act Robbery requires the use, attempted use, or threat of physical force, even when the offense only involves "fear of injury," because that term is synonymous with "intimidation," which necessarily "involves the threat to use [physical] force." *Id.* at 266.

The Court finds that the Fourth Circuit's holding in *Mathis* is controlling here. Based on *Mathis*, the Hobbs Act Robbery charged in Count III, of which Jones was convicted, categorically

4

qualifies as a crime of violence under the force clause of § 924(c). Therefore, his conviction under Count V, which was predicated on the conviction in Count III, remains valid. Jones has failed to bear his burden of proof that his sentence was imposed in violation of the Constitution or laws of the United States. In his Motion, he does not challenge his sentence on any other ground. Accordingly, the Motion to Vacate is **DENIED**.

## IV.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Jones has not made the requisite showing.

## V.    Conclusion

For the foregoing reasons, Jones's Motion to Vacate (ECF No. 72) is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE**.

Date: April 20, 2022

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE